**POTTER, Plaintiff-Appellee, v. POTTER, Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 3855.  Decided October 24, 1945.

W. B. Cockrell, and Homer Z. Bostwick, Columbus, for defendant-appellant, contra the motion.

Sandles, Elliott & Ashbaugh, Columbus, for plaintiff-appellee, and for the motion.

## OPINION

BY THE COURT:

Submitted on motion of appellee to dismiss the appeal for the reason:

"That the suit is not a chancery suit and therefore not appealable as a chancery action, and the court is without jurisdiction to entertain the appeal."

The appeal, noted as upon questions of law and fact, is from an order awarding certain property to the plaintiff-ap-

pellee after a decree of divorce granted to him for defendant-appellant's aggression.

The order of the Court is predicated, if properly made, upon statutory authority only, and, therefore, is not of chancery cognizance and not appealable as noted, unless authorized by §12002 GC.

If we assume, without so holding,. that §12002 GC, is valid to shape the type of appeal in cases coming within the letter of the statute, even so, it will not support the appeal as noted for the reason that both parties agree that the order appealed from is not one fixing alimony. The statute provides, in part,

"When judgment is rendered for both divorce and alimony, the appeal will lie only to so much of the judgment as relates to the alimony. When an appeal is taken by the wife, she shall not be required to give bond."

We hold that the appellant will not be permitted to retry the facts, but the appeal shall stand for hearing on appeal on questions of law. §12223-22(2). If appellant desires to file a bill of exceptions, thirty days from the entry journalizing this decision will be given to appellant within which to have a bill of exceptions prepared, settled and allowed in the trial court. §11564 GC.

HORNBECK, P. J., and MILLER, J., concur.